UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| LARRY JAMES DeROSSETT, JR., | 1:10-cv-00372-LJO-SMS |
| Plaintiff, | |
| v. | **ORDER DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL** |
| ELI DILLION, et al., | |
| Defendants. | (Doc. 3) |

Plaintiff Larry James DeRossett, proceeding pro se in the above-entitled action, has moved for appointment of counsel. Having reviewed Plaintiff's motion in its entirety, this Court denies Plaintiff's motion.

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. *Mallard v. U. S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn in part, on other grounds*, 154 F.3d 952 (1998), *cert. denied*, 527 U.S. 1035 (1999); *Aldabe v. Aldabe*, 616 F.2d 1089, 1093 (9th Cir. 1980). Without a reasonable method of securing and compensating counsel, this court will seek volunteer counsel only in the most serious and exceptional cases.

-1-

1    In the present case, the court does not find the required exceptional circumstances. *See Rand*,
2 113 F.3d at 1525. Even if it is assumed that Plaintiff is not well versed in the law and that he has
3 made serious allegations which, if proved, would entitle him to relief, his case is not exceptional.
4 This court is faced with similar cases almost daily. Therefore, Plaintiff's request for the appointment
5 of counsel is **HEREBY DENIED**.

7 IT IS SO ORDERED.

8 **Dated:    March 9, 2010**                        /s/ **Sandra M. Snyder**
                                                UNITED STATES MAGISTRATE JUDGE