# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY JAMES DeROSSETT, JR., | CASE NO. 1:10-CV-00372-LJO-SMS |
| Plaintiff, | ORDER DISMISSING FIRST AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM,  WITH LEAVE TO AMEND WITHIN THIRTY DAYS |
| v. | |
| ELI DILLION, et al., | |
| Defendants. | (Doc. 7) |

_____/

### Screening Order

Plaintiff Larry James DeRossett, Jr., is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983, as well as state claims pursuant to California tort law and the California Constitution.   Plaintiff filed his original complaint on March 2, 2010, and his first amended complaint on March 30, 2010.  This matter has been referred to the magistrate judge pursuant to 28 U.S.C. § 636(b) and Local Rules 72-302 and 72-304.

## I.    Screening Requirement

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

1

1  monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

2  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

3  dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a

4  claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

5      "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited

6  exceptions," none of which applies to § 1983 actions.  *Swierkiewicz v. Sorema N. A.*, 534 U.S.

7  506, 512 (2002).  Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of

8  the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a).  "Such a

9  statement must simply give the defendant fair notice of what the plaintiff's claim is and the

10  grounds upon which it rests."  *Swierkiewicz*, 534 U.S. at 512.  Detailed factual allegations are not

11  required, but "[t]hreadbare recitals of the elements of the cause of action, supported by mere

12  conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1949

13  (2009), *citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  "Plaintiff must set forth

14  sufficient factual matter accepted as true, to 'state a claim that is plausible on its face.'"  *Iqbal*, 129

15  S.Ct. at 1949, *quoting Twombly*, 550 U.S. at 555.  While factual allegations are accepted as true,

16  legal conclusions are not. *Twombly*, 550 U.S. at 555.

17      Although accepted as true, "[f]actual allegations must be [sufficient] to raise a right to

18  relief above the speculative level."  *Id.* at 555 (*citations omitted*).  A plaintiff must set forth "the

19  grounds of his entitlement to relief," which "requires more than labels and conclusions, and a

20  formulaic recitation of the elements of a cause of action."  *Id.* at 555-56 (*internal quotation marks*

21  *and citations omitted*).  To adequately state a claim against a defendant, Plaintiff must set forth the

22  legal and factual basis for his claim.

23  **II.   Factual Summary**

24      According to the First Amended Complaint, on July 30, 2010,[1] in Jamestown, California,

25

26  _____

27      [1] This date is an obvious typographical error in the First Amended Complaint.  Plaintiff should be certain that his Second Amended Complaint, should he decide to submit one, sets forth the date correctly.

28

1    Plaintiff was tazed and then shot three times in his legs and buttocks.  Plaintiff contends the

2    California Highway Patrol Officers, Defendants Eli Dillion, who fired the gun, and Scott Taylor,

3    who fired the Tazer, violated Plaintiff's rights under the Fourth and Fourteenth Amendments to

4    the United States Constitution as well as violating California law and the California Constitution.

5    Plaintiff seeks monetary damages.

6          Although Plaintiff alleged additional facts in his original complaint, he has omitted these

7    from his First Amended Complaint.  Plaintiff is reminded that each amended complaint

8    supercedes every prior complaint, *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997),

9    *aff'd*, 525 U.S. 299 (1999); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), and must be

10   "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220.

11   "All causes of action alleged in an original complaint which are not alleged in an amended

12   complaint are waived."  *King*, 814 F.2d at 567; *accord Forsyth*, 114 F.3d at 1474.  The Court

13   cannot look to prior complaints, which have been dismissed, for facts or allegations omitted from

14   the current complaint.  Each amended complaint must allege all claims and set forth all facts that

15   Plaintiff wishes to include in the case.

16   **III.    Plaintiff's Claims**

17          **A.    Fourth and Fourteenth Amendment**

18          In claim 3, Plaintiff alleges that Defendants Dillion and Taylor used excessive and

19   unnecessary use of force which, depending on the facts underlying the shooting incident, appear to

20   state claims pursuant to the Fourth Amendment of the U.S. Constitution, although Plaintiff does

21   not explicitly refer to the Fourth Amendment in these claims.  The provisions of the Fourth

22   Amendment were extended to the states by the Fourteenth Amendment.  In claim 4, Plaintiff

23   alleges claims for Dillion and Taylor's violations of the Fourteenth Amendment.

24          Under the Fourth Amendment, made applicable to the states by the Fourteenth

25   Amendment, people are to be secure against unreasonable searches and seizures.  *Maryland v.*

26   *Pringle*, 540 U.S. 366, 369 (2003); *Mapp v. Ohio*, 367 U.S. 643 (1961).  An officer may arrest a

27

28

1  person without a warrant only if there is probable cause to believe that the person has committed

2  or is committing an offense.  *Michigan v. DeFillippo*, 443 U.S. 31, 36 (1979).  Each case is

3  determined on its specific facts and circumstances.  *Ornelas v. United States*, 517 U.S. 690, 695-

4  96 (1996).  Those facts and circumstances will determine the Fourth Amendment's reach in a

5  particular case.  *Terry v. Ohio*, 392 U.S. 1, 29 (1968).

6        A seizure occurs when the government ends a person's freedom of movement by

7  intentionally applied means.  *Scott v. Harris*, 550 U.S. 372, 381 (2007); *Brower v. County of Inyo*,

8  489 U.S. 593, 596-97 (1989).  A claim of excessive force in the course of a seizure is properly

9  analyzed under the Fourth Amendment's "objective reasonableness" standard.  *Id.*; *Graham v.*

10  *Connor*, 490 U.S. 386, 388 (1989).  Accordingly, to evaluate a Fourth Amendment claim, this

11  Court must consider whether each Defendant's actions were objectively reasonable in light of the

12  facts of the arrest.  *Scott*, 550 U.S. at 381.   If Plaintiff amends his complaint, as he is permitted to

13  do by this order, he must allege facts supporting his allegations that each Defendant acted

14  unreasonably with regard to his use of force in the course of Plaintiff's arrest.

15        **B.**    **Eleventh Amendment Immunity**

16        Plaintiff alleges federal constitutional claims against the California Highway Patrol

17  ("CHP")[2] in claims 7 and 9, and state claims against CHP in claims 6, 8, and 10.  "The Eleventh

18  Amendment bars suits for money damages in federal court against a state, its agencies, and state

19  officials in their official capacities."  *Aholelei v. Dept. of Public Safety*, 488 F.3d 1144, 1147  (9th

20  Cir.), *cert. denied*, 128 S.Ct. 441 (2007)(*citations omitted*).  Because the California Highway

21  Patrol is a state agency entitled to Eleventh Amendment immunity, Plaintiff may not sue it in

22  federal court.  *Id.  See also Natural Resources Defense Council v. California Dep't of Transp.*, 96

23  F.3d 420, 421 (9th Cir. 1996); *Brooks v. Sulphur Springs Valley Elec. Co-op.*, 951 F.2d 1050, 1053

24  (9th Cir. 1991), *cert. denied*, 503 U.S. 938 (1992); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir.

25  1989).  Accordingly, Plaintiff may not advance his claims against CHP as a matter of law.

26

27       [2] CHP has been omitted from the Defendants listed in the caption.

28

### C.     State Claims

Plaintiff alleges the following claims under California law: claim 1, assault and battery by Dillion and Taylor; claim 2, negligence and careless handling of a firearm by Dillion and Taylor; claim 5, violation of the California Constitution, art. I, § 7(a) by Dillion and Taylor; and claim 11, intentional infliction of emotional distress by Dillion and Taylor.

Section 1983 does not provide a cause of action for violations of state law. *See Weilburg v. Shapiro*, 488 F.3d 1202, 1207 (9th Cir. 2007); *Galen v. County of Los Angeles*, 477 F.3d 652, 662 (9th Cir. 2007); *Ove v. Gwinn*, 264 F.3d 817, 824 (9th Cir. 2001); *Sweaney v. Ada County, Idaho*, 119 F.3d 1385, 1391 (9th Cir. 1997); *Lovell v. Poway Unified School Dist.*, 90 F.3d 367, 370 (9th Cir. 1996); *Draper v. Coombs*, 792 F.2d 915, 921 (9th Cir. 1986); *Ybarra v. Bastian*, 647 F.2d 891, 892 (9th Cir.), *cert. denied*, 454 U.S. 857 (1981).  Pursuant to 28 U.S.C. § 1367(a), however, in any civil action in which the district court has original jurisdiction, the district court "shall have supplemental jurisdiction over all other claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III," except as provided in subsections (b) and (c).  "[O]nce judicial power exists under § 1367(a), retention of supplemental jurisdiction over state law claims under 1367(c) is discretionary." *Acri v. Varian Assoc., Inc.*, 114 F.3d 999, 1000 (9th Cir. 1997).  "The district court my decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367 (c)(3).  The Supreme Court has cautioned that "if the federal claims are dismissed before trial . . . the state claims should be dismissed as well." *United Mine Workers of Amer. v. Gibbs*, 383 U.S. 715, 726 (1966).

Because the First Amended Complaint does not state a federal constitutional claim upon which relief may be granted, this Court will not address Plaintiff's state claims in any detail in this order.  It does, however, observe that the state claims include as little factual detail as has been criticized in the federal claims.  Plaintiff is reminded that, if the federal court is to exercise pendant jurisdiction over his state claims, Plaintiff must fully allege all necessary elements of each claim in his second amended complaint.

This Court does not express an opinion on the viability of any of Plaintiff's state claims. Plaintiff is reminded that California's Tort Claims Act requires that a tort claim against a public entity or its employees be presented to the California Victim Compensation and Government Claims Board, formerly known as the State Board of Control, no more than six months after the cause of action accrues.  Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950-950.2 (West 2009). Presentation of a written claim and action on or rejection of the claim are conditions precedent to a tort claim action. *State v. Superior Court of Kings County (Bodde)*, 32 Cal.4th 1234, 1237 (2004); *Mangold v. California Pub. Utils. Comm'n*, 67 F.3d 1470, 1477 (9th Cir. 1995).  To state a tort claim against a public employee under California law, a plaintiff must allege compliance with the Tort Claims Act.  *Bodde*, 32 Cal.4th at 1245; *Mangold*, 67 F.3d at 1477.  In addition, Plaintiff is advised that no private cause of action exists for damages under California Constitution, Art. I.  *Giraldo v. California Dept. of Corr. and Rehab.*, 85 Cal.Rptr.3d 371, 389-90 (Cal. Ct. App. 2008).

**III.**   **Conclusion and Order**

Plaintiff's complaint fails to state a claim upon which relief may be granted.  The Court will provide Plaintiff with one additional opportunity to file an amended complaint curing the deficiencies identified by the Court in this order.  *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint.  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named Defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights.  *Leer v. Murphy*, 844 F.2d 628, 633-34 (9th Cir. 1988).  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555 (*citations omitted*).  Plaintiff should focus on identifying his legal claims and setting forth, as briefly but specifically as possible, the facts linking the Defendants he names to each violation of his rights.

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint, *Forsyth.*, 114 F.3d at 1474; *King*, 814 F.2d at 567, and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220. "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." *King*, 814 F.2d at 567; *Forsyth*, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1.     Plaintiff's complaint is dismissed with leave to amend for failure to state a claim;

2.     The Clerk's Office shall send Plaintiff a civil rights complaint form;

3.     Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint curing the deficiencies identified by the Court in this order; and

4.     If Plaintiff fails to file an amended complaint within **thirty (30) days** from the date of service of this order, this action will be dismissed with prejudice for failure to state a claim.

IT IS SO ORDERED.

**Dated:     April 2, 2010**                              /s/ Sandra M. Snyder
                                         UNITED STATES MAGISTRATE JUDGE