# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY JAMES DeROSSETT, JR., | CASE NO. 1:10-CV-00372-LJO-SMS |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL FOR FAILURE TO STATE A CLAIM |
| ELI DILLION, et al., | |
| Defendants. | (Doc. 9) |

Plaintiff Larry James DeRossett, Jr., is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983 and California state law. Plaintiff filed his second amended complaint on April 12, 2010.

**I.    Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 915(e)(2)(B)(ii).

1

## II. Factual Summary

On July 30, 2008, Plaintiff was tazed and then shot three times in his legs and buttocks. Plaintiff contends the California Highway Patrol Officers, Defendants Eli Dillion, who fired the gun, and Scott Taylor, who fired the Tazer, violated Plaintiff's rights under the Fourteenth Amendment to the United States Constitution and under the California Constitution, and gave rise to various tort law claims. Plaintiff also alleges that Defendant California Highway Patrol ("CHP") is liable for certain claims under the doctrine of *respondeat superior*.[1]  Plaintiff seeks monetary damages.

## III. Pleading Standards

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to § 1983 actions. *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512. Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1949 (2009), *citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Plaintiff must set forth sufficient factual matter accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 129 S.Ct. at 1949, *quoting Twombly*, 550 U.S. at 555.  While factual allegations are accepted as true, legal conclusions are not. *Iqbal*, 129 S.Ct. at 1949**.**

Although accepted as true, "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (*citations omitted*).  A plaintiff must set forth "the grounds of his entitlement to relief," which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Id.* at 555-56 (*internal quotation*

---

[1] Although California Highway Patrol is not included as a defendant in the caption, the complaint's allegations clearly express Plaintiff's intent to name CHP as a defendant.

2

*marks and citations omitted*). To adequately state a claim against a defendant, a plaintiff must set forth the legal and factual basis for his claim.

### IV.   Constitutional Claim--Fourth and Fourteenth Amendments

#### B.   Eleventh Amendment Immunity

The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials in their official capacities." *Aholelei v. Dept. of Public Safety*, 488 F.3d 1144, 1147  (9th Cir.), *cert. denied*, 128 S.Ct. 441 (2007)(*citations omitted*).  Because CHP is a state agency entitled to Eleventh Amendment immunity, Plaintiff may not sue it for damages in federal court.  Ibid.  *See also Natural Resources Defense Council v. California Dep't of Transp.*, 96 F.3d 420, 421 (9th Cir. 1996); *Brooks v. Sulphur Spring Valley Elec. Co-op*, 951 F.2d 1050, 1053 (9th Cir. 1991), *cert. denied*, 503 U.S. 938 (1992); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

#### B.   Due Process Claim

Plaintiff alleges that Defendants Dillion and Taylor used excessive force in effectuating his arrest.  Under the Fourth Amendment, made applicable to the states by the Fourteenth Amendment, people are to be secure against unreasonable searches and seizures. *Maryland v. Pringle*, 540 U.S. 366, 369 (2003); *Mapp v. Ohio*, 367 U.S. 643 (1961).  Each case is determined on its specific facts and circumstances. *Ornelas v. United States*, 517 U.S. 690, 695-96 (1996).  Those facts and circumstances will determine the Fourth Amendment's reach in a particular case. *Terry v. Ohio*, 392 U.S. 1, 29 (1968).

A seizure occurs when the government ends a person's freedom of movement by intentionally applied means. *Scott v. Harris*, 550 U.S. 372, 381 (2007); *Brower v. County of Inyo*, 489 U.S. 593, 596-97 (1989).  A claim of excessive force in the course of a seizure is properly analyzed under the Fourth Amendment's "objective reasonableness" standard. *Id.*; *Graham v. Connor*, 490 U.S. 386, 388 (1989).  To meet applicable pleading requirements, Plaintiff must allege facts supporting his allegations that each Defendant acted unreasonably with regard to his use of force in the course of Plaintiff's arrest.

///

Despite two attempts to amend his complaint, Plaintiff has failed to allege a plausible factual basis by which a fact finder could conclude that Defendants' actions in arresting Plaintiff were objectively unreasonable. Instead, Plaintiff has merely removed from his amended complaints an earlier allegation that he was wounded while fleeing the convenience store that he attempted to rob. He now alleges no more than that he was tazed and shot from behind as he fled the crime scene.

Although Plaintiff's serious injuries are unfortunate, he has failed to allege any facts sufficient "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. As with his prior complaints, Plaintiff's second amended complaint provides no grounds for the relief that he seeks, alleging only "labels and conclusions, and a formulaic recitation of the elements of [the causes] of action." *Id.* at 555-56. Because Plaintiff does not set fully forth a legal and factual basis for his claim, he fails to state a cognizable federal constitutional claim against Defendants.

**E.     State Claims**

Plaintiff also alleges numerous claims under California law: (1) assault and battery by Defendants Dillion and Taylor; (2) negligence and careless handling of a firearm by Defendants Dillion and Taylor; (3) gross negligence and recklessness by Defendants Dillion and Taylor; (4) violation of article I, section 7 of the California Constitution by Defendants Dillion and Taylor; (5) attribution of the negligence of Defendants Dillion and Taylor to Defendant CHP (two counts); (6) attribution of the gross negligence and recklessness of Defendants Dillion and Taylor to Defendant CHP; (7) attribution of Defendants Dillion and Taylor's violation of article I, section 13 of the California Constitution to Defendant CHP; and (8) intentional infliction of emotional distress by Defendants Dillion and Taylor.

Section 1983 does not provide a cause of action for violations of state law. *See Weilburg v. Shapiro*, 488 F.3d 1202, 1207 (9th Cir. 2007); *Galen v. County of Los Angeles*, 477 F.3d 652, 662 (9th Cir. 2007); *Ove v. Gwinn*, 264 F.3d 817, 824 (9th Cir. 2001); *Sweaney v. Ada County, Idaho*, 119 F.3d 1385, 1391 (9th Cir. 1997); *Lovell v. Poway Unified School Dist.*, 90 F.3d 367, 370 (9th Cir. 1996); *Draper v. Coombs*, 792 F.2d 915, 921 (9th Cir. 1986); *Ybarra v. Bastian*, 647 F.2d 891, 892 (9th Cir.), *cert. denied*, 454 U.S. 857 (1981). Pursuant to 28 U.S.C. § 1367(a), however, in any

civil action in which the district court has original jurisdiction, the district court "shall have supplemental jurisdiction over all other claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III," except as provided in subsections (b) and (c).

"[O]nce judicial power exists under § 1367(a), retention of supplemental jurisdiction over state law claims under 1367(c) is discretionary." *Acri v. Varian Assoc., Inc.*, 114 F.3d 999, 1000 (9th Cir. 1997). "The district court my decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367 (c)(3). The Supreme Court has cautioned that "if the federal claims are dismissed before trial . . . the state claims should be dismissed as well." *United Mine Workers of Amer. v. Gibbs*, 383 U.S. 715, 726 (1966). Since Plaintiff has failed to allege a cognizable federal claim, this Court recommends that the District Court decline to exercise jurisdiction over Plaintiff's state claims.

This Court also notes multiple matters that will require resolution before Plaintiff can proceed on his state claims in any jurisdiction. First, no private cause of action exists for damages under Article I of the California Constitution. *Giraldo v. California Dept. of Corr. and Rehab.*, 85 Cal.Rptr.3d 371, 389-90 (Cal. Ct. App. 2008). Accordingly, Plaintiff may not proceed with the California constitutional claims set forth in counts five and ten.

Second, because Plaintiff failed to allege that he provided notice of claim as required by the California Tort Claims Act ("CTCA"), his ability to proceed with his numerous tort claims is doubtful. The CTCA requires that a tort claim against a public entity or its employees be presented to the California Victim Compensation and Government Claims Board no more than six months after the cause of action accrues. Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950-950.2 (West 2009). Presentation of a written claim, and action on or rejection of the claim are conditions precedent to suit. *State v. Superior Court of Kings County (Bodde)*, 32 Cal.4th 1234, 1245 (2004); *Mangold v. California Pub. Utils. Comm'n*, 67 F.3d 1470, 1477 (9th Cir. 1995). To state a tort claim against a public employee, a plaintiff must allege compliance with the CTCA. *State v.*

*Superior Court*, 32 Cal.4th at 1245; *Mangold*, 67 F.3d at 1477; *Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 627 (9th Cir. 1988).

Plaintiff alleges that the Victim Compensation and Government Claims Board denied his CTCA claim as untimely but contends that his medical condition excused compliance. Plaintiff does not, however, allege the circumstance or timing of his filing the CTCA notice or set forth what steps, if any, he took to appeal the board's decision. California law generally precludes late claims, unless they are presented within one year after the cause of action accrued and are attributable to certain limited circumstances, such as mental incapacity without a guardian or conservator. Cal. Gov't Code § 911.4.

### III.  Conclusion and Recommendation

Plaintiff's complaint fails to state a claim upon which relief may be granted under federal law. Because amending the complaint will not cure the deficiency, the Court hereby recommends that this action be dismissed, with prejudice, for failure to state a claim.

These Findings and Recommendations will be submitted to Hon. Lawrence J. O'Neill, the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C § 636(b)(1). Within **thirty (30) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that, by failing to file objections within the specified time, he may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   April 21, 2010**                      /s/ Sandra M. Snyder
                                                UNITED STATES MAGISTRATE JUDGE